UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHIAH ALLEN,

      Plaintiff,

v.                                  Case No.  8:25-cv-3211-JLB-AAS

FRONTIER GROUP HOLDINGS,
INC., and FRONTIER AIRLINES,
INC.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michiah Allen moves to remand this action to state court. (Doc. 11). Defendants Frontier Group Holdings, Inc. and Frontier Airlines, Inc. (collectively, Frontier) oppose the motion. (Doc. 17). Ms. Allen replied in opposition to Frontier's response. (Doc. 28). It is **RECOMMENDED** that Ms. Allen's motion to remand (Doc. 7) be **DENIED**.

## I.   BACKGROUND

Ms. Allen filed a lawsuit against Frontier in the 13th Judicial Circuit Court of Hillsborough County, Florida, alleging negligence, negligent hiring, training, and supervision, and negligent failure to maintain safe conditions aboard an aircraft. (Doc. 1-1). Ms. Allen's complaint alleges that while she was seated as a passenger on a Frontier aircraft, a flight attendant negligently

1

opened the overhead compartment, causing a cane to strike Ms. Allen's head and injure her. (*Id.*, p. 6). Frontier filed its Notice of Removal of Action under 28 U.S.C. §§ 1331, 1332, 1441, 1443, and 1446. (Doc. 1).

## II.    LEGAL STANDARD

A district court has original jurisdiction where both "the matter in controversy exceeds the sum or value of $ 75,000," and the parties are "citizens of different States."[1] 28 U.S.C. § 1332(a). "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.    ANALYSIS

Ms. Allen alleges that Frontier's removal was improper because (1)

---

[1] There is complete diversity between the parties here. *See* 28 U.S.C. § 1332(a). Ms. Allen is a resident of Lakeland and a citizen of the state of Florida. (Doc. 1, p. 2). Defendant Frontier Airlines, Inc. is and was, at the time Ms. Allen commenced this action, a citizen of the State of Colorado because it is incorporated in Colorado. (*Id.*). Defendant Frontier Group Holdings, Inc. is, and at the time Ms. Allen commenced this action, was a citizen of the State of Delaware because it is incorporated in Delaware. (*Id.*).

Frontier failed to demonstrate that the amount in controversy exceeds $75,000, and (2) the Airline Deregulation Act does not preempt Ms. Allen's state law negligence claims. (Docs. 11, 28). In response, Frontier alleges that Ms. Allen's complaint and pre-suit demand letter demonstrate that the requisite amount in controversy is met. (Doc. 17). In addition, Frontier argues the Airline Deregulation Act preempts Ms. Allen's claims. (*Id.*).

### A.    Amount in Controversy

When the plaintiff disputes the amount in controversy, a district court must find that it exceeds the jurisdictional threshold by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). "To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments." *Ard v. Shafro*, No. 8:23-CV-2078-KKM-NHA, 2024 WL 1343165, *1 (M.D. Fla. Jan. 23, 2024) (citing *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88). A district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" when analyzing the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "[E]stimating the amount in controversy is not nuclear science," and "the undertaking is not to be defeated by unrealistic assumptions that run counter to common sense." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014).

Ms. Allen's alleges that "[a]s a direct and proximate result of Defendants' negligence, Plaintiff suffered head injury, physical pain and suffering, disability, mental anguish, inconvenience, loss of enjoyment of life, and medical expenses, both past and future." (Doc. 1-1, p. 6). Under each thee negligence counts, Ms. Allen requests a judgment against Frontier "for damages exceeding Fifty Thousand Dollars ($50,000), exclusive of interests, costs, and attorney's fees . . ." (*Id.*, pp. 7, 8).

On December 4, 2025, Frontier's counsel inquired as to whether Ms. Allen would agree to stipulate that the damages in this case are less than $75,000. (Doc. 17-1). Ms. Allen would not agree to such a stipulation. A plaintiff's refusal to stipulate that the damages do not exceed $75,000.00 can "constitute[e] evidence that the amount in controversy [has been] satisfied." *See Hallenbeck v. Target Corp.*, No. 3:18-cv-891-J-32JBT, 2018 WL 4279245, at *2 (M.D. Fla. Sept. 7, 2018); *see also Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380–81 (M.D. Fla. 2009) (finding that a plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the jurisdictional threshold should be considered in determining the amount in controversy).

In addition, Ms. Allen's pre-suit demand requested $1,000,000 to settle and included these specific damages figures: (1) past medical expenses of $5,629.22; (2) future medical expenses of $2,577.60; (3) loss of household

4

services of $11,228.67; (4) past and future pain and suffering of $84,880.001; and (5) loss of income was noted as "to be calculated later."[2] (Doc. 1-2). Even without loss of income, the total alleged economic and non-economic damages exceed $104,315.49. "Courts may review settlement demands as relevant evidence of the amount in controversy. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1215 n.62 (11th Cir. 2007) (a case may be removed based on 'other paper,' which includes settlement offers); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994) ("While this settlement offer, by itself, may not be determinative, it counts for something."); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349, n. 3 (S.D. Fla. 2009) ("the Court may consider a pre-suit demand package when ruling on a motion to remand"); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at 6–7 (S.D. Fla. June 1, 2009) ("[P]re-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

The allegations in Ms. Allen's complaint, taken together with her refusal to stipulate to a lower number of damages and the information provided in Ms. Allen's pre-suit demand letter, support a reasonable inference that Ms. Allen seeks damages in excess of $75,000, thereby warranting removal to federal

---

[2] Ms. Allen worked as a professional model and missed "hundreds of hours of work" because of the incident. (*See* Doc. 17-2, p. 11).

court.[3]

### B.   Claim Preemption

Frontier contends that the Airline Deregulation Act preempts state-law claims that have a connection with or reference to an air carrier's "prices, routes, or services." *See Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1254 (11th Cir. 2003). Frontier states that services include the crew's handling of passengers and carry-on baggage, as well as all in-flight assistance provided by flight attendants. *Id.* at 1257–58. Because Ms. Allen's claims challenge the way flight attendants handle baggage and manage overhead compartments, Frontier argues the Airline Deregulation Act preempts them. (Doc. 17, pp. 7–10).

In response, Ms. Allen argues that Frontier is improperly attempting to transform a traditional personal injury negligence case into a federally preempted airline "services" claim. (Doc. 11, pp. 6–7; Doc. 28, pp. 2–3). Ms. Allen states that this case concerns physical safety, passenger injury, and a failure to maintain safe conditions aboard the aircraft, and the Airline Deregulation Act does not preempt these claims. (*Id.*).

The court has considered the parties' arguments and finds it is

---

[3] Ms. Allen should have submitted affidavits admitting the claim was less than the jurisdictional amount if that is what the motion to remand was meant to accomplish. *See Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-00210-T-17MAP, 2007 WL 1725232, at *2 (M.D. Fla. June 14, 2007).

premature to address Frontier's preemption defense at this stage of the litigation. When ruling on a motion to remand, "the court does not examine the merits of the claim but is only determining whether the court has subject matter jurisdiction over the action." *McCrae v. Com. Credit Corp.*, 892 F. Supp. 1385, 1387, n.3 (M.D. Ala. 1995). The issue of preemption should not be decided on a motion to remand unless the preemption is a "complete preemption" that establishes federal question jurisdiction for removal purposes. "Where complete preemption is found lacking on removal, if no other grounds for federal jurisdiction exist, the district court should remand the case, and it falls to the state courts to assess the merits of an ordinary preemption defense." *Gonzalez v. United States Ctr. for SafeSport*, 374 F. Supp. 3d 1284, 1291–92 (S.D. Fla. 2019). Here, diversity jurisdiction exists, so Frontier's claims preemption defense need not be decided on this motion.

## IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that Ms. Allen's Motion for Remand (Doc. 11) be **DENIED.**

**ENTERED** in Tampa, Florida, on April 16, 2026.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.