UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MICHIAH ALLEN,

       Plaintiff,

v.                                                            Case No:  8:25-cv-03211-JLB-AAS


FRONTIER AIRLINES, INC., and
FRONTIER GROUP HOLDINGS,
INC.,

       Defendants.
                                   /

## **ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 30), recommending that Plaintiff's Motion to Remand (Doc. 11) be **DENIED**.  Plaintiff has objected (Doc. 31), and Defendants have responded to those objections (Doc. 32).

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

Here, after an independent review of the entire record and the parties' briefs, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.  Plaintiff claims that the Magistrate Judge relied on speculation to establish that the amount-in-controversy requirement was satisfied.  (Doc. 31 at 2–3).  However, a court may make "reasonable deductions, reasonable interferences,

or other reasonable extrapolations" in evaluating the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). And courts commonly consider settlement demands to be indicative of whether the requirement has been satisfied. *See Catt v. AGI Trucking, Inc.*, No. 3:26-cv-351-TJC-PDB, 2026 WL 982811, at *2 (M.D. Fla. Apr. 13, 2026) (collecting cases). Here, the Magistrate Judge reasonably relied on evidence contained in Plaintiff's pre-suit demand letter to determine that the amount-in-controversy requirement was satisfied, even when excluding Plaintiff's loss of income. (*See* Doc. 30 at 4–5; Doc. 17-2). The Court sees no error.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 30) is **ADOPTED** and made a part of this Order for all purposes.

2. Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

**ORDERED** in Tampa, Florida, on May 15, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE